THE HOWARD INSURANCE COMPANY *vs.* THE HOPE MUTUAL INSURANCE COMPANY.

Where, in an action against a corporation, for use and occupation, the plaintiffs claimed, that the premises in question were hired by the president of such corporation, as their agent, and offered in evidence a record-book of the defendants, containing votes passed by them, for the purpose of proving their approval and ratification of the acts of said agent; it was held, that such book was admissible, for that purpose.

A vote upon said records, was in the following words : " At a quarterly meeting of the Mutual Life Insurance Company, of Stamford, holden at their office, in Stamford, May 7th, 1849, the minutes of the two preceding meetings read, amended, and approved." It was held, that this was a ratification of the votes passed, at one of such previous meetings; and that, in consequence thereof, it was immaterial, whether such previous meeting was, or was not, regularly held.

A subsequent vote of the trustees of such corporation, not to "recognize the renting" of the premises in question, was held not to be admissible evidence, in connection with the two former votes, to rebut the presumption, that said last vote was a ratification of the former one.

The defendants having voted that "A be authorized to settle with B, in regard to a room, in Wall street, New York, engaged by C, last spring, at an amount not exceeding $150, provided the company be released from all claim therefor;" it was held, that such vote was not a mere offer to compromise with the plaintiffs; but was proper evidence, to be submitted to the jury, in support of their claim.

Where, in such action, it appeared, that the original hiring was for more than one year, and that the premises in question had been occupied by a third person, whom the plaintiffs claimed to be an under-tenant of the defendants; and the judge instructed the jury, that the original contract was void, by the laws of the state of New York, for the reason that it was not to be performed within one year from the making of it, and that evidence of the same was only admissible for the purpose of showing whether the defendants had actually occupied the apartments in question, under the licence and permission of the plaintiffs; that this depended, in part, upon the question, whether said actual occupant was the tenant and sub-lessee of the defendants, and if he was not the defendants' tenant, and was not recognized by them as such, the plaintiffs could not recover; and that though the recorded votes of the defendants could not recognize and make valid a void contract, yet they were to be received and considered, by the jury, as evidence, on the question, whether the defendants had actually occupied said apartments,—that if they found such occupancy by them, under the permission of the plaintiffs, then the plaintiffs could recover; otherwise, the defendants must recover; it was held, that this course was correct.

THIS was an action of *assumpsit*, brought by the Howard Insurance Company, a corporation constituted by the laws of the state of New York, against the Hope Mutual Insurance Company, a corporation by the laws of the state of Connecticut, to recover rent for the use and occupation of certain office apartments, in the city of New York.

The cause was tried before the superior court, at Fairfield, February term, 1853. On the trial, the plaintiffs gave, in evidence, the deposition of Rensselaer Havens, who testified, that he was president of the Howard Insurance Company, in the city of New York, during the year 1849; that said company was, and for the last twenty-two or twenty-

three years, had been, the owner of a building, No. 66, Wall street, in said city of New York; that, previous to the first day of February, 1849, Aaron M. Merchant, then of Stamford, in Connecticut, applied to him, representing himself to be president of the Hope Mutual Life Insurance Company, of said Stamford; and that, between said first day of February, and the first day of April, of the same year, he let to said Merchant, for said Hope Mutual Insurance Company, two offices, on the front floor of the said building, at No. 66, Wall street, for the term of one year, from the first day of May, then next, at the annual rent of $650; that neither Mr. Merchant nor the said Hope Company took possession of the offices, for the reason, as assigned by him, that said company could not conform to some laws passed by the legislature of New York, and took their offices to the state of Connecticut; that said Merchant sub-let said offices to David Ogden, who occupied them from May 1st, 1849, to May 1st, 1850; that said Ogden was the tenant of said Merchant and of the company he represented, and not of the Howard Insurance Company; that, on the 5th of February, 1850, said Ogden paid, on account of said offices, $356.25; and on the 18th of May, 1850, the sum of $117.50, for the same premises, leaving a balance of $176.25, with interest from the first day of May, 1850, due to the Howard Insurance Company; and that no part of said balance had since been paid, by said Hope Company, or by any one, on their behalf. He further testified, that said offices were occupied by Ogden, who had hired them from Mr. Merchant, previously to the first of May.

They also introduced the deposition of said David Ogden, who testified that, between the first of February and the first of May, 1849, he was informed by Mr. A. M. Merchant, that he had taken said offices, and that he, Ogden, must look out for other offices; that the witness then took an office in the Exchange; that, before the first day of May, he found, that said Hope Company was not going to occupy the offices, and that, preferring to remain there, he gave up the of-

fice in the Exchange, and made an arrangement with Merchant, to remain in the offices, in No. 66, Wall street.

The plaintiffs further introduced Joseph Ogden, a brother of David, who testified, that he occupied the offices in question, in company with said David, from said first of May, 1848, to said first of May, 1849, and that he concurred with said David, in relation to the letting of said offices, to Mr. Merchant, for said Hope Company.

The plaintiffs claimed, that Merchant, at the time he hired said apartments, was the president and agent of the defendants, in said hiring; and, if otherwise, that the defendants had ratified and adopted his acts. The defendants denied that said Merchant had any authority to hire said apartments on their behalf; and, to show that he had such authority, and that the defendants had ratified his acts, the plaintiffs further gave in evidence, the record-book of the defendants, and read therefrom the record of a meeting of the trustees of said company, holden April 19th, 1849, as follows :

" At a special meeting of the board of trustees of the Hope Mutual Life Insurance Company, holden at their office, No. 9, Wall street, in the city of New York, the 19th of April, 1849, at 3 o'clock P. M., the president took the chair, and declared the board duly organized. *Voted,* that the president be authorized to dispose of the office taken for the use of the company in Wall Street, at his discretion."

Also, the following vote, passed on the 7th of May, 1849 :

" At a quarterly meeting of the Mutual Life Insurance Company of Stamford, holden at their office in Stamford, May 7th, 1849, the minutes of the two preceding meetings read, amended and approved. On motion, voted to adjourn to the 14th instant."

Also, the following vote, passed on the 4th day of December, 1849 :

" On motion, *Voted,* that Mr. Dana be authorized to settle with Mr. Havens, in regard to a room in Wall street,

New York engaged by Mr. Merchant, last spring, at an amount not exceeding $150 ; provided the company be released from all further claim therefor."

It also appeared from said record, and was not disputed by the parties, that said Merchant was first appointed a trustee of the defendants, on the 13th day of February, 1849, and president of the defendants on the 21st day of said February, and continued such trustee and president till the — day of August, 1849. He resided in the city of New York, and the vice-president of the defendants resided in Stamford. The defendants objected to the record of the proceedings of the 19th of April, 1849, because it did not appear by said records, or in any other way, that that meeting had been duly warned, according to the charter and by-laws. The record, so objected to, stood upon said book, immediately preceding the record of the 7th of May, 1849, and, in connection with that vote, the court admitted it in evidence. To this the defendants objected, on the ground, that the contract to take said offices was void, by the statutes of New York, which the defendants produced and read in evidence, and also on the ground that, at the time said contract was claimed to have been made, said Merchant was not shown to have been the authorized agent of the defendants, to make it ; and, also, on the ground, that a void contract, which the defendants claimed this to be, could not be ratified. The plaintiffs claimed, that said vote conduced to show a recognition, by the defendants, of the acts of Merchant, as their agent in hiring said apartments, on their behalf, and in connection with other evidence in the case, conduced to show a recognition of the occupancy, by Ogden, as the defendants' tenant ; and for this last purpose alone, and to show the character of said Ogden's possession, the vote was admitted.

The defendants then offered in evidence a vote of the defendants, passed on the 14th of May, 1849, as follows :

" Adjourned meeting, May 14th, 1849. On motion, *Voted,* that this board does not recognize the renting of a new of-

fice in Wall street." And they claimed that, in connection with the vote of May 7th, said vote rebutted any presumption of a ratification of the vote of the 19th of April, and also especially claimed, that it rebutted any presumption, that the defendants had acquiesced in the hiring of said apartments, by Merchant as their agent, in their behalf; but, this claim was not made nor suggested, nor said vote offered for said purpose, until after the close of the argument in the case, and after the court began to charge the jury. But the court, on objection thereto, excluded it. The defendants claimed, and requested the court to charge the jury, that the contract of said Merchant, as it was claimed by the plaintiffs, was void, by the laws of New York, and could not be ratified. The plaintiffs denied this to be so, but claimed further, that if, under said contract, the defendants had entered into the possession of said apartments, and by their sub-lessee, Ogden, had actually occupied the same; that, for such use and occupation, the plaintiffs could recover, and so they requested the court to charge the jury. The plaintiffs are a corporation, by the laws of New York, and the defendants are also a corporation by the laws of Connecticut. The court charged the jury, that the original contract with Merchant was void, by the laws of New York, as it was not to be performed within a year from the making of it, and also for other reasons, and that it was only admissible, as evidence in the case, for the purpose of showing whether the defendants had actually occupied the apartments in question, under the license and permission of the plaintiffs; that the case turned upon whether the defendants had so occupied said apartments; and that this depended, in part, upon whether said Ogden was the tenant and sub-lessee of the defendants, or was occupying without permission of any one, or otherwise, without the permission of the defendants; that, if he was not the defendants' tenant, and was not recognized by them, as such, the plaintiffs could not

recover; and that, though said votes of the defendants could not recognize and make valid a void contract, yet they were to be received and considered by the jury, as evidence, on the question whether the defendants actually occupied said apartments; that, if they found such occupancy by the defendants, under the permission of the plaintiffs, then the plaintiffs could recover; otherwise, the defendants must recover. The jury found a verdict for the plaintiffs, and the defendants moved for a new trial, and the questions thereon arising, were reserved for the advice of this court.

*Ferris* and *Minor*, for the motion, contended, 1. That Merchant had no right,, as trustee of said Hope Company, to hire the offices in question or subject the company to the payment of rent. A corporation can act only by its vote; and this company never, by any vote at a legal meeting, authorized him to hire these offices.

2. That the meeting on the 19th of April, was an informal assemblage of certain trustees of the company. No notice of it was given, and none appeared upon the records, and the proceedings were not binding upon the company. *Stow* v. *Wyse*, 7 Conn. R., 214. Nor, at the legal meeting of May 7th, in which the minutes of the informal meeting were read, and approved, did the Hope Company thereby acquiesce in, or approve of its doings. This reading and approval did not refer to the validity of the proceedings, but were merely a declaration, that certain proceedings had taken place.

3. That, even if the proceedings of the meeting on the 19th of April, 1849, in connection with the vote of May 7th, in which the minutes of that meeting were read and approved, were rightfully admitted, it was clearly erroneous to exclude from the consideration of the jury, the vote of May 14th, when the matter of hiring was, for the first time, acted upon, by the Hope Company,—because it was a part of the proceedings of May 7th, and, if a part of them are admissible, all are so; and it conduced to repel the presumption of ac-

quiescence and of approval, by the defendants, of the hiring by Merchant.

4. That the vote of December 4th, was a mere offer of compromise, and did not tend to prove, that Ogden occupied said rooms, as the sub-lessee of the defendants. This appears from the facts in the case, and from the language of the vote. At that time, no portion of the rent had been paid. The first payment was made by Ogden, to the plaintiffs, in February following. They were claiming the whole rent, and the defendants had a right to buy their peace. The language of the vote is, " to settle,—provided, the company be released from all further claim therefor."

*Hawley*, for the plaintiffs, contended, 1. That the evidence showed, that Merchant was authorized to take the office, for the defendants. It showed authority originally granted to him; and, at least, a recognition of his acts, by them. The vote of April 19th, clearly recognized the office, as taken for the defendants,—asserted the power to dispose of it. It belonged to the company, by the act of Merchant. The vote of May 7th clearly affirms this. It is conceded, that the meeting was legal, and the admission of its proceedings in evidence, was not objected to. The minutes of the two preceding meetings were the records of the proceedings of those meetings. Why should the minutes of that meeting be read, without a protest, if it was irregular, and its proceedings void,—unless they thereby intended to validate the proceedings? If the approbation could be considered as referring, not to the proceedings themselves, but to the history of them, the reading, amending and approving that history, recognized the legality of that meeting. Even if it distinctly appeared that there was no warning, such would have been its effect.

2. That the vote of May 14th was properly excluded. No party can give in evidence his own declarations, unless

they accompany and give character to some act, which is the subject matter of the claim or defence, or in fact, form a part of a declaration of his, given in evidence by the other party. This vote formed no part of, and does not refer to, the proceedings of May 7th, and, therefore, could not be taken, in connection with them.

3. That the vote of December 4th was admissible, for the purpose for which the court admitted it. It was offered, in connection with other testimony, to show a recognition of Merchant's acts, and Ogden's occupation, as under the defendants. If the defendants could be liable, by actual occupancy, either by themselves, or by their sub-lessee, even though the contract, as such, was void, any testimony conducing to show such occupancy, was admissible. The obvious import of the vote is an admission of having had the office, and of liability to pay for it,—the only matter in controversy being the amount. Though the court is ordinarily to give construction to written contracts, yet, declarations, whether oral or written, especially if there be anything ambiguous in them, must be left to the jury. *Jennings* v. *Sherwood*, 8 Conn. R., 122. *Lloyd* v. *Maund*, 2 T. R., 762. *Rucker* v. *Hanney*, 4 E., 604, n. *Wooster et al* v. *Butler*, 13 Conn. R., 309.

4. That the case, without this vote, shows that the plaintiffs are entitled to recover, and that a new trial would result in a similar verdict. In such a case, even if the vote were improperly admitted, no new trial should be granted. *White* v. *Bailey*, 14 Conn. R., 271. *Branch* v. *Doane*, 17 *Conn. R.*, 403 ; 18 *id.*, 311.

ELLSWORTH, J. We perceive no cause for a new trial. The first ruling of the court, which was objected to, relates to the admission of the record book of the defendants, containing the votes of the 19th of April, 1849, and of the 7th of May, and 4th of December following. These votes were clearly admissible, to prove the acts of the defendants ; es-

The Howard Insurance Co. *v.* The Hope Mutual Insurance Co.

pecially, their approval of the conduct of Mr. Merchant, their president, in leasing and underleasing the chambers in New York.

We do not feel the force of the objection, that the meeting of the 19th of April was not regularly held, and its doings not obligatory ; but if we did, it could make no difference in the end ; for those proceedings were approved and ratified, at the subsequent meeting of the 7th of May.

The vote of the 4th of December is not, as claimed by the defendants' counsel, an offer of compromise, and, on that·account, inadmissible ; but it is, apparently, an acknowledgment of the truth of the main fact in controversy. It was proper evidence to go to the jury, for their consideration.

The vote of the 14th of May, offered by the defendants, in connection with the votes of the 19th of April and 7th of May, to rebut the presumption of a ratification of the said vote of the 19th of April, (which was the only claim made which we can now regard,) is not legitimate evidence, for the purpose claimed. The defendants could not make evidence for themselves.

Nor do we see anything wrong in the charge of the court. The judge correctly held, in accordance with the defendants' claim, that the verbal lease of Mr. Merchant was ineffectual and void, as an executory contract, not being to be executed within a year ; nor was this evidence offered to prove any such contract, but as a part of the executed contract, viz., the use and occupation by the sub-lessee of the defendants, under the license and permission of the defendants. The case was properly left to the jury, upon the question of actual occupancy, which was held to depend, very much, upon the fact, whether Mr. Ogden, the tenant, was the lessee of the defendants, or was in possession without their permission, or co-operation. The jury was satisfied that he was the tenant of the defendants.

We do not advise a new trial.

In this opinion the other judges concurred, except HINMAN, J., who tried the cause in the court below, and was disqualified.

New trial not to be granted.