ALEXANDER FOWLES AND WIFE *vs.* EVERETT B. ALLEN.

First Judicial District, Hartford, May Term, 1894.  ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

An attorney, with whom a claim against the defendant for taking wood had
   been placed for settlement, wrote to the defendant that he could now
   settle by paying $10.00 for the wood and $5.00 for his charges.  *Held*
   that this letter was an offer of compromise, and inadmissible in evi-
   dence upon the part of the defendant to reduce the damages claimed
   by the plaintiff, where it appeared that prior negotiations, though un-
   availing, had been commenced by the parties, and that the defendant
   had been referred for settlement to such attorney.

[Argued May 2d—decided May 29th, 1894.]

ACTION for trespass on lands of the plaintiffs, and cutting
and carrying away wood therefrom to the value of $50.00;
brought to the Court of Common Pleas for Hartford County,
and tried to the jury, before *Walsh, J.*  The damages alleged
were $100.  The plaintiffs got a verdict of $48.50, and the
defendant appealed for an alleged error of the court in ex-
cluding evidence.  *No error.*

The parties were adjoining proprietors, and the defendant
claimed that he had entered and removed the wood under a
license from a former proprietor of the plaintiffs' land, who
had cut it before conveying to the plaintiffs, and reserved
the right to remove it, in the deed to the latter.  The plain-
tiffs claimed that the wood was cut after the conveyance was
made.

Evidence was introduced at the trial showing that as soon
as the plaintiffs discovered that their wood had been removed
they demanded payment for it from the defendant, and that
he refused to settle for it, whereupon they told him that they
should leave the claim with their attorney for settlement;
that afterwards the defendant came to them and offered to
settle the claim, but they referred him to their attorney,
stating that it was now in his hands for settlement; and that
the defendant then went to the attorney, and was told by him

that he would have a surveyor run the line between the lands of the parties, and, upon getting his report, would let the defendant know for what sum the claim could be settled.

On cross-examination of one of the plaintiffs, the defendant offered in evidence, to affect the damages, a letter sent him by the attorney, after getting the surveyor's report. The material part of the letter was as follows : " The survey has been made, and you can now settle the matter by coming to my house any evening, Tuesday evening preferred, and paying $10.00 for the wood and $5.00 for my charges."

Objection was made and sustained to the introduction of this letter, on the ground that it was an offer of compromise ; and its exclusion was the reason of appeal.

*Charles H. Briscoe* and *George B. Fowler*, for the appellant (defendant).

*J. Warren Johnson*, for the appellees (plaintiffs).

BALDWIN, J. There was evidence before the jury that the plaintiffs' attorney had been authorized by them to settle their claim, and that they had referred the defendant to him for that purpose. The letter of the attorney was therefore admissible if one of a similar tenor from them would have been.

The defendant had refused to pay for the wood before the attorney was retained, and had afterwards offered to settle, in conversation both with the plaintiffs and with him. It was in the course of these negotiations that the letter was written. It does not purport to state the quantity or value of the wood taken, but only that the survey had been made, and that a settlement could now be effected by paying the writer $10.00 for the wood, and $5.00 for his services. The latter sum was certainly, in the eye of the law, no part of the damages sustained by the plaintiffs, and the former is not declared to be the amount of their loss. The letter was a mere offer to accept $15.00 in satisfaction of the plaintiffs' demand, and as such was properly excluded as an offer of

compromise. *Stranahan* v. *East Haddam*, 11 Conn., 507, 513 ; *Broschart* v. *Tuttle*, 59 id., 1, 23. The question is a very different one from that which would have been presented had the letter stated that the wood in question was worth only $10.00. *Howard Insurance Co.* v. *Hope Mutual Insurance Co.*, 22 Conn., 394, 403 ; *Loomis* v. *New York, New Haven & Hartford R. R. Co.*, 159 Mass., 39, 34 Northeastern Reporter, 82.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.